MICHAEL J. HARTLEY (State Bar No. 189375)
LEE J. ROSENBERG (State Bar No. 287567)
**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
Email: mhartley@bautelaw.com
       lrosenberg@bautelaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARIE RENO and LARRY ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AIG CLAIMS, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No. 15-CV-2179 AJB BGS <br><br> Hon. Anthony J. Battaglia <br> Courtroom: 3B <br><br> **DEFENDANT AIG CLAIMS, INC.'S MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Filed concurrently with Notice of Motion <br><br> Date: August 25, 2016 <br> Time: 2:00 p.m. <br> Crtrm.: 3B <br><br> Complaint Filed: August 27, 2015 (San Diego Superior Court) |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant AIG Claims, Inc. ("AIG Claims") is moving to dismiss plaintiffs Rose Marie Reno and Larry Anderson's ("Plaintiffs") first-amended complaint ("FAC") with prejudice under Rule 12(b)(6) because Plaintiffs have not cured the deficiencies that resulted in their original complaint being dismissed as against AIG Claims. AIG Claims was National Union's claims adjuster, not the insurer, and the Court held that plaintiffs could not maintain their claims against AIG Claims absent allegations that it "acted as an insurer or was a party to the underlying insurance policy." (Dkt. #16, p. 6.) Plaintiffs' only new allegation is that "[b]ased upon the language of the policy and the ubiquitous reference to AIG on the policy itself, it is unclear whether Defendants AIG Claims, Inc. and/or National Union Fire Insurance of Pittsburgh are both the insurers." *See* FAC ¶¶13, 30. The Policy, which is attached to the FAC and incorporated by reference, actually expressly states that National Union is the insurer, and not AIG Claims. The governing law does not permit Plaintiffs to create a cause of action by contradicting the plain language of their contract or the other documents they have attached to their FAC and incorporated by reference. The FAC therefore fails as matter of law as against AIG Claims, and plaintiffs' causes of action as against AIG should be dismissed with prejudice.

## II. STATEMENT OF FACTS

On August 27, 2015, Plaintiffs' filed their original complaint against National Union and AIG Claims, alleging that they failed to provide defense and indemnity coverage for Plaintiffs under Not-for-Profit Protector Policy No. 01-143-41-70 (the "Policy")[1] in connection with a cross-complaint filed against them in the matter of *Tri-*

---

[1] On a motion to dismiss, the Court may properly consider all exhibits to Plaintiffs' Complaint, because copies of written instruments attached to a pleading form a part of the pleading. *See Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.* 583 F.2d 426, 429 (9th Cir. 1978).

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243775.3                         1                    Case No. 15-CV-2179 AJB BGS
**MEMORANDUM OF POINTS AND AUTHORITIES ISO AIG CLAIMS, INC.'S MOTION TO DISMISS**

*City Healthcare District v. Medical Acquisition Company, Inc.,* Superior Court of California, County of San Diego, Case No. 37-2014-0022523-CU-MC-NC (the "Cross-Complaint"). (Complaint, at ¶¶18-22.) That complaint asserted five causes of action: (i) breach of contract – failure to indemnity; (ii) breach of contract – failure to defend; (iii) breach of duty of good faith and fair dealing; (iv) negligence; and (v) declaratory relief. The first two causes of action were brought against National Union only, and the last three, for bad faith, negligence and declaratory relief, were brought jointly against National Union and AIG Claims.

On December 9, 2015, Defendants moved to dismiss AIG Claims as a party on the basis that National Union, as the policy issuer, was the only proper party to Plaintiffs' claims and that AIG Claims should be dismissed as a matter of law. (Dkt. #8.) On March 25, 2016, the Court granted the motion to dismiss Plaintiffs' claims third cause of action for breach of the covenant of good faith and fair dealing, as against AIG Claims, on the following basis:

> Plaintiffs have not sufficiently alleged AIG acted as an insurer or was a party to the underlying insurance policy such that AIG could be liable for a breach of the implied covenant of good faith and fair dealing. However, because the insurance policy and the coverage letter suggest, as Plaintiffs argue in opposition, that AIG played a role beyond that of an agent or representative of National, (see Doc. Nos. 1-2 at 42–50), Plaintiffs' fourth cause of action against AIG is DISMISSED WITH LEAVE TO AMEND.

Dkt. #16, p. 6. The Court also dismissed Plaintiffs' negligence claim (fourth cause of action) and declaratory relief claim (fifth cause of action) against AIG Claims, with leave to amend, on similar grounds. *See id.* pp. 7-8.

Following the Court's March 25 order granting the motion to dismiss AIG Claims, with leave to amend, Plaintiffs filed their FAC. The FAC alleges the same material facts as the initial complaint. The FAC alleges that National Union issued Not-for-Profit Protector Policy No. 01-143-41-70 (the "Policy") to Tri-City Healthcare District d/b/a Tri-City Medical Center ("Tri-City"), effective from July 1, 2013, to July

1, 2014.  (FAC, ¶12; *see also Exh.* C to the Complaint (the Policy.))[2]  Item 8 of the Policy's declaration page expressly identifies National Union as the sole insurance company that issued the Policy, as follows:

> NAME AND ADDRESS OF INSURER (hereinafter "Insurer"):
> (This Policy is issued only by the insurance company indicated below.)
> National Union Fire Insurance Company of Pittsburgh, Pa.
> 175 Water Street
> New York, NY 10038-4969

(Exh. C to FAC, Dkt. #19-1, pp. 23-24.)  No additional insurers are identified in the Policy.  The Policy makes clear that the references to "AIG" are for marketing purposes and not a designation of the insurer issuing the Policy.  "AIG is the marketing name for the worldwide property-casualty and general insurance operations of AIG Property Casualty Inc… All products are written by insurance company subsidiaries or affiliates of AIG Property Casualty Inc."  (*Id*., pp 19).  Plaintiffs' own documents also make clear that AIG Claims is the claims administrator under the Policy, not the insurer.  (FAC, ¶13; *see also* Exh. B to the Complaint, which states that "AIG Claims, Inc… is the claims administrator handling claims arising under insurance policy number 01-143-41-70 issued … by National Union … a member underwriting company of American International Group.")

The only new allegations in the FAC appear to be as follows:

> 1. In paragraph 13, Plaintiffs now allege that "Defendant AIG Claims… is … authorized to do …business and [is] doing business in the State of California … in particular <u>by insuring persons in San Diego County and/or</u> providing claims administration services for Defendant National Union for policies issued to individuals and business, including

---

[2] On a motion to dismiss, the Court may properly consider all exhibits to Plaintiffs' Complaint, because copies of written instruments attached to a pleading form a part of the pleading. *See Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc*. 583 F.2d 426, 429 (9th Cir. 1978).

Tri-City, Anderson and Reno, in California." (new text inserted in FAC identified in underline.)

2. In paragraph 19, Plaintiffs now allege that "[o]n or about September 22, 2014, Defendants issued a coverage analysis which is attached as Exhibit "B". <u>Defendant AIG Claims, Inc.'s name, AIG, is ubiquitous throughout the document.</u> The Defendants' coverage analysis specifically acknowledges that there is a *potential* for coverage." (new text inserted in FAC identified in underline.)

3. In paragraph 30, Plaintiffs now allege that "[t]he terms of the policy required Defendants to defend Anderson and Reno against any claim. A copy of this written policy is attached to this complaint as Exhibit "C" and incorporated herein by reference. <u>Based upon the language of the policy and the ubiquitous reference to AIG on the policy itself, it is unclear whether Defendants AIG Claims, Inc. and/or National Union Fire Insurance of Pittsburgh are both the insurers</u>." (new text inserted in FAC identified in underline.)

## III. PLAINTIFFS' CAUSES OF ACTION AS AGAINST AIG CLAIMS STILL FAIL AS A MATTER OF LAW.

Plaintiffs' causes of action as against AIG Claims still fail as a matter of law. The Court held that Plaintiffs could not maintain such claims unless they sufficiently pled that AIG Claims "acted as an insurer or was a party to the underlying insurance policy." Dkt. #16, p. 6. *See Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 981 (9th Cir. 1999) ("Under California law, an insurance [adjuster] cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract."); *see also Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 576, 108 Cal.Rptr. 480 (Cal. 1973) (same); *Henry v. Associated Indem. Corp.,* 217 Cal.App.3d 1405, 1416-1, 266 Cal.Rptr.578 (Cal. Ct. App. 1990) (same). Plaintiffs have not done so.

Plaintiffs have alleged, at best, that the Policy is "unclear" as to whether AIG Claims is an insurer along with National Union. The Policy attached to the FAC, however, states that the Policy was issued by National Union and expressly lists only one entity (National Union) as the name of the insurer. (Exh. C to FAC, Dkt. #19-1, pp. 23-24.)[3] The Policy materials also specifically explain that the references to "AIG" are marketing references to non-party affiliates, and that the Policy is being issued by the insurer designated by the Policy. *See* Dkt. #19-1, p. 19. The Policy does not reference AIG Claims, Inc. at all, and the coverage letter attached the FAC (Exhibit B) expressly states that AIG Claims is only the insurance adjuster that handled claims on behalf of National Union, and that National Union is the insurer that issued the Policy. (Complaint, at ¶13; *id,* Exh. B to the Complaint). Nothing in the letter suggests that any entity other than National Union is the insurer. *Id.*

Plaintiffs cannot create a cause of action by contradicting the plain language of the Policy or the other documents incorporated by reference into the FAC. Where a "contract [is] attached to the complaint and incorporated into the complaint, the Court need not 'accept as true conclusory allegations in the complaint which are contradicted by the clear import of the contract itself.'" *ING Bank, FSB v. Mata* (D. Ariz., Dec. 3, 2009, No. CV-09-748-PHX-GMS) 2009 WL 4672797, at *6 (dismissing a cause of action where a complaint attached the subject contract and "the contract's plain language negates the unsupported allegation") citing to *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 665 (9th Cir.1998). That is the case here, and plaintiffs' causes of action against AIG Claims therefore fail as a matter of law and should be dismissed with prejudice.

---

[3] The FAC affirmatively alleges that National Union "issued a Directors & Officers insurance policy to Tri-City, identified as policy number 1-143-41-70." The FAC does not, however, make the same allegation as to AIG Claims

## IV. CONCLUSION

For the foregoing reasons, AIG Claims respectfully requests that Plaintiffs' FAC be dismissed with prejudice as to AIG Claims.

DATED: June 8, 2016                     BAUTE CROCHETIERE & GILFORD LLP

By:  s/ Michael J. Hartley
     Michael J. Hartley
     Attorneys for Defendants

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243775.3                              6                     Case No. 15-CV-2179 AJB BGS
**MEMORANDUM OF POINTS AND AUTHORITIES ISO AIG CLAIMS, INC.'S MOTION TO DISMISS**

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2016, I electronically filed the foregoing **DEFENDANT AIG CLAIMS, INC.'S MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> George Rikos, Esq.
> LAW OFFICES OF GEORGE RIKOS
> 225 Broadway, Suite 2100
> San Diego, CA  92101
>
> Telephone:   (858) 342-9161
> Facsimile:   (858) 724-1453
> Email:       George@georgerikoslaw.com

I also certify the document and a copy of the Notice of Electronic Filing was served via  on the following non-CM/ECF participants:

     s/ Michael J. Hartley
     Michael J. Hartley

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243775.3

Case No. 15-CV-2179 AJB BGS

**MEMORANDUM OF POINTS AND AUTHORITIES ISO AIG CLAIMS, INC.'S MOTION TO DISMISS**