George Rikos, Esq. (SBN 204864)
LAW OFFICES OF GEORGE RIKOS
225 Broadway, Suite 2100
San Diego, CA 92101
Telephone:  (858) 342-9161
Facsimile: (858) 724-1453
Email: George@georgerikoslaw.com

Attorneys for Plaintiffs
Rose Marie Reno and Larry Anderson

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARIE RENO and LARRY ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AIG CLAIMS, Inc.; and DOES 1 through 10, <br><br> Defendants. | Case No. 15-CV-2179 AJB BGS <br><br> Hon. Anthony J. Battaglia <br> Courtroom:  3B <br><br> **PLAINTIFFS ROSE MARIE RENO AND LARRY ANDERSON'S RESPONSE IN OPPOSITION TO DEFENDANT AIG CLAIMS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date:          August 25, 2016 <br> Time:          2:00 p.m. <br> Courtroom:   3B <br><br> Complaint Filed:  August 27, 2015 <br> (San Diego Superior Court) |

Case No. 15-CV-2179 AJB BGS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT AIG CLAIMS, INC.'S MOTION TO DISMISS**

## MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

On or about March 25, 2016, this Court granted, with leave to amend, Defendants Motion to Dismiss as to Plaintiffs' Complaint. (Dkt. No. 16). On or about May 25, 2016, Plaintiffs filed a First Amended Complaint ("FAC") (Dkt. No. 19) The FAC alleges the following causes of action (1) Breach of Contract (Failure to Defend); (2) Breach of Contract (Failure to Indemnify); (3) Breach of the Covenant of Good Faith and Fair Dealing; and (4) Declaratory Relief.

On or about June 8, 2016, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed an answer to the FAC. (Dkt. No. 20)   However, Defendant AIG Claims, Inc. ("AIG") has filed a motion to dismiss as to Plaintiffs' FAC as to all four causes of action.

Plaintiffs, having taking direction from the Court's previous ruling, amended their complaint and alleged sufficient facts to maintain their claims pursuant to Fed. R. Civ. P. Rule 8(a)(2) and therefore Defendant AIG's motion should be dismissed.

In particular, this Court held AIG's role remains unclear. (Dkt. No. 16 at pp. 5, lines 17-21). This Court's previous order indicated that Plaintiff's previous opposition suggested AIG played a role akin to an insurer, however, the allegations were not contained within the Complaint. *Id.* The Court's order further states that "…because the insurance policy and the coverage letter suggest, as Plaintiffs argue in opposition, that AIG played a role beyond that of an agent or representative of National (see Doc. Nos. 1-2 at 42-50), Plaintiffs' fourth cause of action against AIG is dismissed with leave to amend. (Dkt No. 16 pp. 6, lines 9-12)

In an effort to specifically address the Court's order, Plaintiffs' FAC alleges "Based upon the language of the policy and the ubiquitous reference to AIG on the policy itself, it is unclear whether Defendants AIG Claims, Inc. and/or National Union Fire Insurance of Pittsburgh are both the insurers." (FAC ¶ 30)   Plaintiffs

further allege that Defendants issued a coverage analysis which is attached as Exhibit "B".  Defendant AIG Claims, Inc.'s name, AIG, is ubiquitous throughout the document.  (FAC ¶19)  Then, throughout the FAC, Plaintiffs allege that Defendants, jointly, deprived Plaintiffs of the benefits of the policy.

In opposition, Defendant AIG claims that any reference to AIG is for marketing purposes and not a designation of the insurer of the Policy.  In particular, Defendant AIG states "AIG is the marketing name for the worldwide property-casualty and general insurance operations of AIG Property Casualty, Inc." (Id. pp. 19)(Defendant's Opposition, Dkt 21-1 at pp. 3, lines 8-13).  Certainly, it is unclear as to whether AIG's role is akin to an insurance adjuster when AIG is also used as a marketing name to attract persons to purchase insurance coverage as well. Defendant AIG is using their well-known name throughout the world to sell insurance and now suggesting that they are not the insurer and bear no such liability despite being identified throughout the documents. If AIG wants to use their name to sell policies, place their name throughout the policy, coverage opinion and email addresses, then they cannot hide from being treated as an insurer, especially at the initial pleading stage.

## LEGAL ANALYSIS

### A. Rule 12(b)(6) Standard

Fed. R. Civ. P. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. At 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and construes the pleadings in the light most favorable to the party opposing the motion. *U.S. E.E.O.C. v. Alia Corp.* 842 F.Supp.2d 1243, 1249-50 (E.D. Cal. 2012).   Finally, if the court concludes that dismissal under Rule 12(b)(6) is warranted, the court should not dismiss the complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1250.

### 1. Plaintiffs' Causes of Action Against Defendant AIG Do not Fail as a Matter of Law

AIG's name, as AIG admits, is identified throughout the policy, coverage analysis and other related documents.  While AID claims the name is used for marketing purposes, their role in issuing the policy is unclear and at this stage should not be dismissed from the case without some discovery.

As shown in the coverage analysis issued by Defendants (Exhibit B to Plaintiffs' FAC), AIG's name is identified throughout the various forms. Furthermore, Plaintiffs nowhere alleged that only National Union Fire Insurance of Pittsburgh (hereinafter "National Union") was a party to the contract. In fact, Plaintiffs alleged that both defendants had duties to defend and indemnify under the contract. In particular, the FAC alleges that AIG Claims, Inc. was and is doing business in San Diego county by insuring persons….(FAC ¶13)   As indicated above, the FAC, incorporating the comments raised by this Court's order, alleges that AIG's name is ubiquitous throughout the document (FAC ¶19 & 30).

Such facts and allegations warrant the denial of Defendant AIG's motion to dismiss.   As indicated in the prior opposition, the Court must resolve any ambiguity in favor of the Plaintiff.  (*International Audiotext Network, Inc. v. AT&T Co.* 62 F.3d 69, 72 (2nd Cir. 1995); *Hearn v. R.J. Reynolds Tobacco Co.* 279 F.Supp.2d 1096, 1102 (D. Az. 2003)).

In order to be liable for a breach of contract and breach of implied covenant of good faith and fair dealing, a defendant must have been consenting party to the contract.  *Meisel v. Allstate Indem*. Co., 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005)

Here, by Defendant AIG's own admission, "AIG is the marketing name for the worldwide property-casualty and general insurance operations of AIG Property Casualty, Inc." (Id. pp. 19)(Defendant's Opposition, Dkt 21-1 at pp. 3, lines 8-13). As such it is reasonable to infer that Defendant AIG consented to the contract at issue, the insurance policy.

Defendant AIG, again, relies on *Minnesota Mut. Life, Ins. Co. v. Ensley*, 174, F. 3d 977, 981 (9th Cir. 1999) in support of their motion to dismiss.  As indicated in the previous opposition, this case is distinguishable.  In *Minnesota Mut. Life, Ins. Co. v. Ensley*, the rulings at issue involved a decision on a motion for summary judgment after discovery was complete.  In addition, the carrier, Minnesota Mutual Life, filed an interpleader action due to a dispute between two individuals claiming to be beneficiaries to a life policy.  *Id*. at 980-981. The Court held that an insurance agent cannot be held liable for a breach of contract because they are not a party to a life insurance policy.  *Id*. at 982.   Here, Defendant AIG is not an insurance agent.

In addition, Defendant AIG's reliance on *Gruenberg v. Aetna, Ins. Co*., (1973) 9 Cal. 3d 566, 576, is equally misplaced.   In *Gruenberg*, the Court held that a law firm and an insurance adjusting firm, both non-insurer defendants, could not be held liable for a breach of implied covenant of good faith and fair dealing.  *Id*. at 577-579.   Here Defendant AIG is not akin to an outside law firm or other adjusting agency, they are the marketing name used worldwide to help market and sell insurance policies.

**2. If the Court Should Grant Defendant AIG's Motion, the Court is Requested to Do So Without Prejudice**

"FRCP 15(a) severely restricts the court's discretion to dismiss without leave to amend. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice." (Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group) § 9:287) (citing *Silva v. Bieluch* 351 F.3d 1045, 1048 (11th Cir. 2003); *Davoodi v. Austin Independent School Dist.* 755 F.3d 307, 310 (5th Cir. 2014)). Furthermore, leave to amend "shall be freely given when justice so requires." (FRCP 15(a)).

In the event that the Court grants Defendant AIG's motion, Plaintiffs request it is done without prejudice as the parties have not yet been permitted to conduct any discovery. Should discovery establish additional facts, Plaintiffs should be permitted to name Defendant AIG as well as any other necessary parties.

## <u>CONCLUSION</u>

Based on the foregoing, the Court should deny Defendant AIG's Motion to Dismiss.

DATED: June 23, 2016          GEORGE RIKOS
                              **LAW OFFICES OF GEORGE RIKOS**


                              By: _____/s/ George Rikos_____
                                   George Rikos
                                   Attorneys for Plaintiffs

230968.1

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT AIG CLAIMS, INC.'S MOTION TO DISMISS**

I, George Rikos, am the ECF user whose identification and password are being used to file the instant document. Pursuant to L.R. 5-4.3.4(a)(2)(i), I certify that all other signatories listed on this document and the attached proposed order, and on whose behalf the filings are submitted, concur in the filings' content and have authorized the filings.

_____/s/ GeorgeRikos_____<br>
Attorney for Plaintiffs<br>
Email: George@georgerikoslaw.com

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT AIG CLAIMS, INC.'S MOTION TO DISMISS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of June, 2016, I electronically filed the foregoing  **PLAINTIFFS' RESPONSE TO IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>SERVICE LIST</u>

Rose Marie Reno and Larry Anderson v. National Union, et al.

Case No. 15-cv-2179 AJB BGS

MICHAEL J. HARTLEY (State Bar No. 189375)
LEE J. ROSENBERG (State Bar No. 287567)
**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
Email:  mhartley@bautelaw.com
          lrosenberg@bautelaw.com

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

/s/GeorgeRikos
GeorgeRikos

230968.1

Case No. 15-CV-2179 AJB BGS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT AIG CLAIMS, INC.'S MOTION TO DISMISS**