MICHAEL J. HARTLEY (State Bar No. 189375)
LEE J. ROSENBERG (State Bar No. 287567)
**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
Email: mhartley@bautelaw.com
         lrosenberg@bautelaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARIE RENO and LARRY ANDERSON,<br><br>   Plaintiffs,<br><br>   v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AIG CLAIMS, INC.; and DOES 1 through 10,<br><br>   Defendants. | Case No. 15-CV-2179 AJB BGS<br><br>Hon. Anthony J. Battaglia<br>Courtroom: 3B<br><br>**DEFENDANT AIG CLAIMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:  August 25, 2016<br>Time:  2:00 p.m.<br>Crtrm.:  3B<br><br>Complaint Filed:  August 27, 2015<br>(San Diego Superior Court) |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Marie Reno and Larry Anderson (collectively "Plaintiffs") Opposition fails because, contrary to their arguments, the insurance contract is not "unclear" as to who is the insurer.[1] The Policy (which is attached as an exhibit to the FAC) specifically states that National Union is the insurer.[2] On at least *twenty-nine* separate occasions, the Policy expressly states that National Union is in the insurer of the Policy. Conversely, the claims administrator, AIG Claims, is not even mentioned in the Policy. Likewise, the relevant coverage letter (also attached to the FAC) unambiguously states that National Union is the insurer, while AIG Claims is the claims administrator for claims arising under the Policy. Plaintiffs' conclusory allegations regarding the identity of the insurer contradict the clear and unambiguous language of the contract attached to the FAC and therefore fail as a matter of law. Accordingly, AIG Claims respectfully requests that Plaintiffs' FAC be dismissed with prejudice as to AIG Claims.

## II. PLAINTIFFS' CAUSES OF ACTION AGAINST AIG CLAIMS STILL FAIL AS A MATTER OF LAW.

### A. The Policy And Coverage Letter Unambiguously And Expressly Identify National Union As The Insurer.

In its Opposition, Plaintiffs contend that it is "unclear" whether AIG Claims might have acted as the insurer because "AIG [Claims] is identified throughout the

---

[1] Tellingly, the FAC affirmatively alleges that National Union "issued a Directors & Officers insurance policy to Tri-City, identified as policy number 1-143-41-70." The FAC does not, however, make the same allegation as to AIG Claims. Instead, the FAC alleges that it is "unclear" whether AIG Claims is the insurer and that AIG Claims is "doing business in the State of California … by insuring persons in San Diego County and/*or* providing claims administration services. . . ." (FAC, ¶ 13.) This, in conjunction with the express language of the Policy, warrants dismissal with prejudice of Plaintiffs' claims against AIG Claims.

[2] In its answer, National Union admitted it was the insurer of the Policy. (*See* National Union's June 8, 2016, Answer, Dkt. #20, ¶12.)

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1  policy, coverage analysis and other related documents." (Opposition, pp. 3:10-11,
2  3:19-20, 4:5-9.) This argument contradicts the plain language of these documents, all
3  of which are attached to, and incorporated by reference into, the FAC.

4  First, the Policy clearly and unambiguously states that National Union is the
5  insurer. Item 8 of the Policy's declaration page *expressly identifies* National Union as
6  the sole insurance company that issued the Policy:

> NAME AND ADDRESS OF INSURER (hereinafter "Insurer"):
> (This Policy *is issued only* by the insurance company indicated below.)
> National Union Fire Insurance Company of Pittsburgh, Pa.
> 175 Water Street
> New York, NY 10038-4969

(Exh. C to FAC, Dkt. #19-1, p. 24, emphasis added.) Further, in each of the ***twenty-eight*** separate endorsements, the Policy expressly identifies National Union as the insurer:

> This endorsement, effective 12:01 a.m. July 1, 2013 forms a part of the policy number 01-143-41-70 issued to TRI-CITY HEALTHCARE DISTRICT DBA TRI-CITY MEDICAL CENTER by National Union Fire Insurance Company of Pittsburgh, Pa.

(Exh. C to FAC, Dkt. #19-1, pp. 43, 45-46, 48-55, 62-76, 79-80, 82, 84-85, 100-104, 106-111.)

The Policy, by contrast, never identifies AIG Claims as Plaintiffs' insurer. Indeed, AIG Claims is not mentioned anywhere in the Policy, either as an insurer, or otherwise. The only mention of "AIG" is AIG Property Casualty Inc. which is not AIG Claims, Inc.[3] (Exh. C to FAC, Dkt. #19-1, p. 19.)

---

[3] For this reason, the Court should reject Plaintiffs' claim that it is reasonable that "Defendant AIG [Claims] consented to the contract at issue, the insurance policy." (Opposition, p. 4:5-9) AIG Claims was not a party to the Policy, nor was it even mentioned in the Policy. Thus, AIG Claims could not have "consented" to the Policy. *See Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App. 4th 1372, 1384 (1993) ("an insurance policy is a contract and, like all contracts, requires mutuality of assent").

Second, the coverage letter specifically identifies AIG Claims as the claims administrator for the Policy, while identifying National Union as the insurer:

> AIG Claims, Inc. ("AIG") is the claims administrator handing claims arising under insurance policy number 01-143-41-70 issued to Tri-City Healthcare District d/b/a Tri-City Medical Center ("Tri-City") by National Union Fire Insurance Company of Pittsburgh, Pa.

(Exh. B to FAC, Dkt. #19-1, p. 13.)  The coverage letter further recognizes National Union as the insurer on multiple occasions:

- "National Union reserves the right to contend that Anderson and Reno are not Individual Insured under the Policy" (Exh. B to FAC, Dkt. #19-1, p. 15);
- "National Union reserves the right to withhold any portion of indemnity and/or defense costs subject to the above cited terms, conditions and exclusions" (Exh. B to FAC, Dkt. #19-1, p. 15);
- "The policy provides that National Union has the right to effectively associate in the defense and settlement of this claim" (Exh. B to FAC, Dkt. #19-1, p. 15);
- "National Union's coverage position is based on the information presently available to us" (Exh. B to FAC, Dkt. #19-1, p. 16); and
- "National Union expressly reserves all of its rights under the Policy, at law or in equity, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted" (Exh. B to FAC, Dkt. #19-1, p. 16).

Third, Plaintiffs' attempt to plead around the clear and unambiguous language of the Policy by alleging that "AIG Claims, Inc. was and is doing business in San Diego county by insuring persons," should be rejected by the Court.  (FAC, ¶ 13.)   This generic allegation is not specific any particular policy or insured, and Plaintiffs cannot create a cause of action by contradicting the plain language of the Policy or the other documents incorporated by reference into the FAC with respect to the identity of the insurer that issued the Policy here (National Union).  Where a "contract [is] attached to the complaint and incorporated into the complaint, the Court need not 'accept as true

1 conclusory allegations in the complaint which are contradicted by the clear import of
2 the contract itself.'" *ING Bank, FSB v. Mata* (D. Ariz., Dec. 3, 2009, No. CV-09-748-
3 PHX-GMS) 2009 WL 4672797, at *6 (dismissing a cause of action where a complaint
4 attached the subject contract and "the contract's plain language negates the unsupported
5 allegation") citing to *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658,
6 665 (9th Cir. 1998).

7       Finally, Plaintiffs' attempts to distinguish *Minnesota Mut. Life Ins. Co. v. Ensley*,
8 174 F.3d 977 (9th Cir. 1999) and *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576
9 (1973) are without merit.  It makes no difference that *Minnesota Mutual* is a summary
10 judgment decision because the basis for summary judgment was that the insurance
11 agents "were not a party to the insurance contract." *Id.*  As can be seen from the
12 insurance policy attached to Plaintiffs' FAC, AIG Claims is not a party to the insurance
13 contract that is at issue in this case.  The fact that *Minnesota Mutual* involved an
14 insurance agent, rather than insurance adjuster, is also a distinction without a difference
15 because neither are parties to the insurance contract.  *Gruenberg* (despite Plaintiffs'
16 protestations) is directly on point – the California Supreme Court expressly upheld a
17 ***demurrer*** to a good faith and fair dealing claim against an ***insurance adjuster***, because
18 "the non-insurer defendants were not parties to the agreements for insurance; therefore,
19 they are not, as such, subject to an implied duty of good faith and fair dealing."
20 *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973).  Consequently, Plaintiffs'
21 causes of action against AIG Claims fail as a matter of law and should be dismissed.

22       **B.**    **Plaintiffs Should Not Be Given Leave To Amend.**

23       For the reasons explained in detail above, Plaintiffs' causes of action against AIG
24 Claims fail as a matter of law.  Anticipating such a finding by the Court, Plaintiffs use
25 the final section of their Opposition to request an opportunity to amend their deficient
26 FAC.  That request should be denied because Plaintiffs have not, and cannot, allege
27 additional facts without contradicting the clear and unambiguous language of the Policy
28 and coverage letter which expressly state that National Union is the insurer. *Bonin v.*

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel  (213) 630-5000 • Fax (213) 683-1225

*Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend").

### III.  CONCLUSION

For the foregoing reasons, AIG Claims respectfully requests that Plaintiffs' FAC be dismissed with prejudice as to AIG Claims.

DATED:  June 30, 2016              BAUTE CROCHETIERE & GILFORD LLP


By:   s/ Michael J. Hartley
        Michael J. Hartley
        Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2016, I electronically filed the foregoing **DEFENDANT AIG CLAIMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> George Rikos, Esq.
> LAW OFFICES OF GEORGE RIKOS
> 225 Broadway, Suite 2100
> San Diego, CA  92101
>
> Telephone:  (858) 342-9161
> Facsimile:  (858) 724-1453
> Email:      George@georgerikoslaw.com

                     s/ Michael J. Hartley
                     Michael J. Hartley

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

245120.2

Case No. 15-CV-2179 AJB BGS
**REPLY ISO AIG CLAIMS, INC.'S MOTION TO DISMISS**